UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 06-313-GWU

DAVID NORTH,                                                    PLAINTIFF,

VS.                          **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                       DEFENDANT.

**INTRODUCTION**

The plaintiff brought this action to obtain judicial review of an administrative

denial of his applications for Disability Insurance Benefits (DIB) and Supplemental

Security Income (SSI).  The appeal is currently before the Court on cross-motions

for summary judgment.

**APPLICABLE LAW**

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial

review of Social Security disability benefit cases:

1.    Is the claimant currently engaged in substantial gainful activity?
      If yes, the claimant is not disabled.  If no, proceed to Step 2.
      See 20 C.F.R. 404.1520(b), 416.920(b).

2.    Does the claimant have any medically determinable physical
      or mental impairment(s)? If yes, proceed to Step 3.  If no, the
      claimant is not disabled.  See 20 C.F.R. 404.1508, 416.908.

3.    Does the claimant have any severe impairment(s)--i.e., any
      impairment(s) significantly limiting the claimant's physical or
      mental ability to do basic work activities?  If yes, proceed to

1

North

Step 4.  If no, the claimant is not disabled.  <u>See</u> 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.

4.     Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5.  If no, the claimant is not disabled. <u>See</u> 20 C.F.R. 404.920(d), 416.920(d).

5.     Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)?  If yes, the claimant is disabled.  If no, proceed to Step 6.   <u>See</u> 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6.     Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work?   If yes, the claimant was not disabled.   If no, proceed to Step 7.   <u>See</u> 20 C.F.R. 404.1520(e), 416.920(e).

7.     Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy?  If yes, the claimant is not disabled.   <u>See</u> 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

<u>Garner v. Heckler</u>, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply.   Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence.  <u>Jones v. Secretary of Health and Human Services</u>, 945 F.2d 1365, 1368-1369 (6th Cir. 1991).  This "substantial

North

evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight.  Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim.  Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982).  This presumes, of course, that the treating physician's opinion is based on objective medical findings.  Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984).  Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary.  Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).  These have long been well-settled principles within the Circuit.  Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain.  Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms.   20  C.F.R.  Section  404.1529  (1991).   However, in  evaluating  a claimant's allegations of disabling pain:

3

North

> First, we examine whether there is objective medical evidence of an underlying medical condition.  If there is, we then examine:  (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment.  The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability.  Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984).  However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations.  Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups.  Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987).  Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way

4

North

to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 C.F.R. 416.965(a) and 20 C.F.R. 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

5

North

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b). "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990). If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid. Ibid. In

6

North

such cases, the agency may be required to consult a vocational specialist. <u>Damron v. Secretary</u>, 778 F.2d 279, 282 (6th Cir. 1985). Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments. <u>Varley v. Secretary of Health and Human Services</u>, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that North, a 42 year-old former funeral home chauffeur and truck driver with a high school equivalent education, suffered from impairments related to a history of right groin hernia, being status post herniorrhapy, small left groin hernia, congenital single kidney, a bipolar disorder, and alcohol abuse in full remission. (Tr. 16, 22, 24). While the plaintiff was found to be unable to return to his past relevant work, the ALJ determined that he retained the residual functional capacity to perform a restricted range of light level work. (Tr. 26). Since the available work was found to constitute a significant number of jobs in the national economy, the claimant could not be considered totally disabled. (Tr. 26). The ALJ based this decision, in large part, upon the information provided by a vocational expert. (Tr. 25).

After review of the evidence presented, the undersigned concludes that the administrative decision is not supported by substantial evidence. The ALJ erred in

North

evaluating North's mental condition.  However, the current record also does not mandate an immediate award of Social Security Benefits.  Therefore, the Court must grant the plaintiff's summary judgment motion, in so far as it seeks a remand of the action for further consideration, and deny that of the defendant.

North was treated for his mental problems at the Cumberland River Comprehensive Care Center.  (Tr. 356-376).  The plaintiff was diagnosed as suffering from a major depressive disorder and alcohol abuse in full remission.  (Tr. 368).  While specific functional limitations were not assessed by the staff, the claimant's Global Assessment of Functioning (GAF) was rated at 60.  (Tr. 368). Such a GAF suggests the existence of at least "moderate" psychological symptoms according to the American Psychiatric Association's Diagnostic and Statistical Manual for Mental Disorders, (4th Edition-Revised, 1994).

Psychologist Blaine Pinaire examined North and diagnosed an anxiety disorder and an impulse control disorder.  (Tr. 237).  The plaintiff's GAF was rated at 50, suggesting the existence of "serious" psychological symptoms.  (Tr. 237). Pinaire opined that the claimant would be only marginally able to relate to others and would be unable to adapt and respond to the pressures associated with daily work activity.  (Tr. 237).

North

Psychologists Edward Stodola and Stephen Scher reviewed the record and completed Mental Residual Functional Capacity Assessment Forms.[1]   Each reviewer opined that North would be "moderately" limited in such areas as (1) maintaining attention and concentration; (2) working in coordination with others; (3) completing a normal workday and workweek without interruption from psychologically-based symptoms and performing at a consistent pace without an unreasonable length and number of rest periods; (4) interacting appropriately with the general public; (5) accepting instructions and responding appropriately to criticism from supervisors; and (6) responding appropriately to changes in the work setting.  (Tr. 314-315, 348-349).

The hypothetical question presented to Vocational Expert Anne Thomas included such mental factors as (1) a limitation to simple instructions; (2) a need to avoid work requiring contact with the general public and no more than superficial interaction with co-workers and supervisors; and (3) an inability to perform production rate work.  (Tr. 82).  This question omits any reference to Pinaire's limitation concerning an inability to tolerate work pressures.  Furthermore, a number of the restrictions indicated by the reviewers, such as completing a normal workday

---

[1]Scher completed a Psychiatric Review Technique Form (PRT) on November 12, 2004 upon which he indicated that the plaintiff did not suffer from a "severe" mental impairment during the time period prior to March 31, 2004.  (Tr. 320).  The reviewer indicated in a second PRT covering the time period until November 10, 2004 that the claimant did suffer from a "severe" mental impairment.  (Tr. 334).

9

North

and workweek without interruption from psychologically-based symptoms and to respond appropriately in the work setting do not appear to be adequately presented in the question.

The ALJ rejected Pinaire's opinion as binding. (Tr. 20). However, Pinaire was still the only treating or examining mental health professional to identify specific mental restrictions. The staff at Cumberland River, North's treating source, did not address this question, although the GAF rating of 60 at least suggests the existence of "moderate" mental restrictions.

An ALJ may rely upon the opinion of a non-examiner over that of an examining source when the non-examiner clearly states the reasons for his differing opinion. Barker v. Shalala, 40 F.3d 789, 794 (6th (Cir. 1994). In the present action, Stodola did note that Pinaire's opinion was entitled to only limited weight because the severity of the restrictions indicated was not well supported. (Tr. 316). Beyond this one statement, the reviewer provides no details concerning what evidence indicates that Pinaire's opinion is not well supported. This would not appear to be an adequate explanation. Furthermore, as previously noted, even if Stodola had provided good reasons for his opinion, the ALJ did not really follow the opinion of the reviewers, either. Therefore, substantial evidence does not support the ALJ's findings with regard to North's mental condition.

10

North

The defendant asserts that the ALJ was not bound by the opinion of any medical source and was the one solely responsible for determining North's residual functional capacity, citing 20 C.F.R. Sections 416.945 and 416.946.   However, Section 416.945(a)(3) indicates that the ALJ must base his decision on the evidence of record.   While the ALJ is the fact-finder, as previously noted, his decisions must still be supported by substantial evidence and he must employ the proper criteria in reaching his conclusions.   <u>Garner</u>, 745 F.2d at 387.   Since the record does not provide substantial evidence to support the administrative decision in this case, a reversal and remand of the action for further consideration is required.

The undersigned concludes that the administrative decision must be reversed and the action remanded to the Commissioner for further consideration. Therefore, the Court must grant the plaintiff's summary judgment motion, in so far as it seeks a remand of the action for further consideration, and deny that of the defendant.   A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 14th day of May, 2007.



Signed By:

<u>**G. Wix Unthank**</u>

**United States Senior Judge**

11